1  Christopher S. Marchese (SBN 170239)
   marchese@fr.com
2  FISH & RICHARDSON P.C.
   4695 MacArthur Court, Suite 1100
3  Newport Beach, CA 92660
   Tel: (213) 533-4240 / Fax: (858) 678-5099
4
   Joseph V. Colaianni, Jr. *(pro hac vice* forthcoming*)*
5  colaianni@fr.com
   FISH & RICHARDSON P.C.
6  1000 Maine Avenue SW, Suite 1000
   Washington, DC 20024
7  Tel: (202) 783-5070 / Fax: (202) 783-2331
8  *Additional Counsel Listed on Signature Page*
9  Attorneys for Plaintiff
   SUPERIOR COMMUNICATIONS, INC.
10
11            IN THE UNITED STATES DISTRICT COURT
12             CENTRAL DISTRICT OF CALIFORNIA
13

| SUPERIOR COMMUNICATIONS, INC., | Case No. __2:25-cv-09759_____ |
|---|---|
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| BELKIN INTERNATIONAL, INC. | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.    Plaintiff Superior Communications, Inc. ("Superior" or "Plaintiff"), by and through its attorneys, pursuant to Fed. R. Civ. P. 15(a)(1)(B), files this Complaint and demand for a jury trial seeking relief for patent infringement by Defendant Belkin International, Inc. ("Belkin" or "Defendant").

2.    In this Complaint, Superior asserts that Belkin infringes eight U.S. patents owned by Superior: U.S. Patent No. 9,010,396 ("the '396 patent"), a true and correct copy attached as Exhibit 1; U.S. Patent No. 9,089,085 ("the '085 patent"), a true and correct copy attached as Exhibit 2; U.S. Patent No. 9,931,823 ("the '823 patent"), a true and correct copy attached as Exhibit 3; U.S. Patent No. 10,021,818 ("the '818 patent"), a true and correct copy attached as Exhibit 4; U.S. Patent No. 10,399,315 ("the '315 patent"), a true and correct copy attached as Exhibit 5; U.S. Patent No. 10,555,445 ("the '445 patent"), a true and correct copy attached as Exhibit 6; U.S. Patent No. 11,155,067 ("the '067 patent"), a true and correct copy attached as Exhibit 7; and U.S. Patent No. 11,357,143 ("the '143 patent"), a true and correct copy attached as Exhibit 8 (collectively, the "Asserted Patents").

## NATURE OF THE ACTION

3.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., specifically including 35 U.S.C. § 271.

## THE PARTIES

4.    Superior is a California corporation. Superior's Head Office & Distribution Center is located at 5027 Irwindale Ave., Suite 900, Irwindale, CA 91706. Superior also has a Nashville Distribution Center at 5301 Centre Pointe Dr., La Vergne, TN 37086 and an Irwindale Distribution Center at 4821 4th St., Baldwin Park, CA 91706.

5.    Belkin is a Delaware corporation with headquarters at 555 South Aviation Boulevard, Suite 180, El Segundo, California 90245-4852, as identified at Belkin's website at https://www.belkin.com/company/contact-us/.

**JURISDICTION AND VENUE**

6.     This action arises under the patent laws of the United States, Title 35 U.S.C. § 1, et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Belkin because Belkin is located in the Central District of California and/or has purposely availed itself of the privilege of conducting activities within this State and this District. On information and belief, Belkin directly or indirectly through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products in the United States, the State of California, and the Central District of California. Belkin has purposefully and voluntarily sold one or more of its Accused Products (defined below) with the expectation that they will be purchased by consumers in the Central District of California. On information and belief, these Accused Products have been and continue to be purchased by consumers in the Central District of California. Belkin has committed acts of infringement of the Asserted Patents within the United States and, more particularly, within the Central District of California.

8.     This Court also has personal jurisdiction over Belkin because it has committed acts within California giving rise to this action and/or has established minimum contacts with California such that personal jurisdiction over Belkin would not offend traditional notions of fair play and substantial justice. As an example, Belkin has placed and continues to place the Accused Products (defined below) into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and California, including in this District.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400 because Belkin is located and resides in this District, does business in this District, and is subject to personal jurisdiction in this District. Venue is also proper in

1    this District because Belkin's presence and activities in this District give rise to the

2    claims set forth herein. Therefore, venue is proper in this Court.

3                                **FACTUAL BACKGROUND**

4              **Superior, Its Innovations and Its Patented Technologies**

5          10.    Superior was founded in 1991. Since its inception, through hard work

6    and innovation, Superior has become a leading consumer products and accessories

7    company in the United States and the world.

8          11.    Superior has invested millions of dollars in research and development

9    and continuously developing and innovating cutting-edge products and accessories in

10   ways that benefit and are used by consumers throughout the United States and the

11   world.

12         12.    Superior creates, among other things, screen protector systems for

13   mobile devices. Superior has become a leading innovator, designer, and seller of

14   screen protectors and screen protector applicator systems for mobile devices. Superior

15   offers screen protectors and screen protector applicator systems for mobile devices

16   through its PureGear and PURE.GEAR branded products (collectively, "PureGear"

17   or "Pure Gear"), among other PureGear branded products.

18         13.    Through PureGear, Superior offers a wide selection of screen protectors

19   for mobile devices, including Steel 360 High-Definition Tempered Glass, High-

20   Definition Tempered Glass, Extreme Impact, Privacy Glass, Anti-Blue Light, Matte

21   Anti-Glare, Liquid Glass and more. PureGear offers screen protectors for a variety of

22   branded-devices, including Apple, Google, LG, Motorola, and Samsung.

23         14.    PureGear also sells a screen protector applicator system called "Perfect

24   Alignment Tray," which makes installation so simple, anyone can do it. Superior

25   thoughtfully conceived and designed the Perfect Alignment Tray to improve the

26   screen protector consumer experience by making screen protector installation on a

27   mobile device straightforward, simple, perfectly-aligned, and bubble-free. Superior

28   thoughtfully conceived and designed the Perfect Alignment Tray to improve the

                                         3
                    COMPLAINT FOR PATENT INFRINGEMENT
                    Case No. 2:25-cv-09759

screen protector consumer experience by making screen protector installation on a mobile device straightforward, simple, aligned, and bubble-free.

15.    Superior has a track record of success and recognition in the wireless products and accessories industry. Superior is particularly proud that the Minority Business Development Agency (MBDA), a division of the US Department of Commerce, awarded its 2011 National Minority Manufacturer of the Year Award to Superior. The award was in recognition of outstanding achievements in the wireless industry, which include revenue, job creation, domestic economic impact, innovations, strategic partnerships, and significant growth.

16.    Superior is continually striving to innovate and design products to meet and exceed consumer expectations for the consumer products and accessories industry. Through its investment in innovations, Superior pursued and was awarded the Asserted Patents, which are briefly described below.

17.    The '396 patent was duly and lawfully issued by the United States Patent and Trademark Office on Apr. 21, 2015. The '396 patent generally relates to improved apparatuses for applying screen protectors to electronic mobile communication devices, such as smartphones, smart watches, and tablet computers. *E.g.*, '396 patent at Abstract, col. 1:23-27; 2:11-13. Such improved apparatuses of the '396 patent facilitate alignment of the screen protector to the mobile device, for example, with the use of a tab and a body defining a cavity. *E.g.*, '396 patent at col. 11:59-12:9; 15:58-16:47.

18.    The '085 patent was duly and lawfully issued by the United States Patent and Trademark Office on July 21, 2015. The '085 patent generally relates to improved systems for applying screen protectors to electronic mobile communication devices, such as smartphones, smart watches, and tablet computers. *E.g.*, '085 patent at Abstract, col. 1:21-25; 2:8-10. Such improved systems of the '085 patent facilitate alignment of the screen protector to the mobile device, for example, with the use of a tab and a cavity. *E.g.*, '085 patent at col. 9:67-10:17; 14:1-59.

4

COMPLAINT FOR PATENT INFRINGEMENT
Case No. <u>2:25-cv-09759</u>

19.    The '823 patent was duly and lawfully issued by the United States Patent and Trademark Office on April 3, 2018. The '823 patent generally relates to improved systems for applying screen protectors to electronic mobile communication devices, such as smartphones, smart watches, and tablet computers. *E.g.*, '823 patent at Abstract, col. 1:27-32; 2:15-18. Such improved systems of the '823 patent facilitate alignment of the screen protector to the mobile device, for example, with the use of a tab and a body defining a cavity. *E.g.*, '823 patent at col. 13:26-41; 17:34-18:26.

20.    The '818 patent was duly and lawfully issued by the United States Patent and Trademark Office on July 10, 2018. The '818 patent generally relates to improved systems and methods for applying screen protectors to electronic mobile communication devices, such as smartphones, smart watches, and tablet computers. *E.g.*, '818 patent at Abstract, col. 1:25-29; 2:12-16. Such improved systems and methods of the '818 patent facilitate alignment of the screen protector to the mobile device, for example, with the use of a tab and a body defining a cavity. *E.g.*, '818 patent at col. 10:27-41; 14:34-15:26.

21.    The '315 patent was duly and lawfully issued by the United States Patent and Trademark Office on September 3, 2019. The '315 patent generally relates to improved systems for applying screen protectors to electronic mobile communication devices, such as smartphones, smart watches, and tablet computers. *E.g.*, '315 patent at Abstract, col. 1:33-37; 2:22-25. Such improved systems of the '315 patent facilitate alignment of the screen protector to the mobile device, for example, with the use of a tab and an apparatus including a cavity. *E.g.*, '315 patent at col. 13:35-49; 17:44-18:36.

22.    The '445 patent was duly and lawfully issued by the United States Patent and Trademark Office on February 4, 2020. The '445 patent generally relates to improved systems and methods for applying screen protectors to electronic mobile communication devices, such as smartphones, smart watches, and tablet computers. *E.g.*, '445 patent at Abstract, col. 1:28-32; 2:15-18. Such improved systems and

5

methods of the '445 patent facilitate alignment of the screen protector to the mobile device, for example, with the use of a tab and an apparatus including an area. *E.g.*, '445 patent at col. 10:27-41; 14:34-15:26.

23.    The '067 patent was duly and lawfully issued by the United States Patent and Trademark Office on October 26, 2021. The '067 patent generally relates to improved systems for applying screen protectors to electronic mobile communication devices, such as smartphones, smart watches, and tablet computers. *E.g.*, '067 patent at Abstract, col. 1:36-40; 2:25-28. Such improved systems of the '067 patent facilitate alignment of the screen protector to the mobile device, for example, with the use of a tab and a body defining a cavity. *E.g.*, '067 patent at col. 13:38-52; 17:47-18:39.

24.    The '143 patent was duly and lawfully issued by the United States Patent and Trademark Office on June 7, 2022. The '143 patent generally relates to improved methods for applying screen protectors to electronic mobile communication devices, such as smartphones, smart watches, and tablet computers. *E.g.*, '143 patent at Abstract, col. 1:33-37; 2:22-25. Such improved systems of the '143 patent facilitate alignment of the screen protector to the mobile device, for example, with the use of a tab and a body defining an area. *E.g.*, '143 patent at col. 10:38-52; 14:47-15:39.

25.    By assignment, Superior owns the entire right, title, and interest in and to the Asserted Patents, which are the product of Superior's efforts to innovate and protect its intellectual property for its screen protector systems.

26.    One of the inventors named in the Asserted Patents is Shraddha Patel. According to her LinkedIn profile, a true and correct copy attached as Exhibit 9, Ms. Patel was a Mechanical Engineering Manager at Superior from September 2009 to September 2012. During that period of time, along with others at Superior, Ms. Patel is a named inventor on each of the Asserted patents, with non-provisional applications filed, for example, in March and August of 2011 and January of 2012.

**Belkin and Its Accused Products**

27.    According to her LinkedIn profile, in the same month that Ms. Patel left Superior, Ms. Patel joined Belkin as a Senior Regional Product Manager from September 2012 to November 2022, "responsible for focusing and driving product development and program follow-up for all initiatives to support the Telecommunication/Wireless Carrier (Verizon, AT&T, T-Mobile, Sprint and Regional carriers) account. Effectively manage programs involving cross-functional disciplines of Design, Engineering, Operations, Marketing, and Finance in a matrix management organization through the complete product development cycle." Again, according to her LinkedIn profile, Ms. Patel became Head of Product Management at Belkin in December 2022, a position, on information and belief, that she still holds.

28.    Belkin infringes the Asserted Patents by making, using, offering for sale, selling, and/or importing in and into the United States Belkin's "Easy Align Tray" that includes a screen protector and a tray system for installing the screen protector onto a mobile device, including Apple iPhones, Samsung Galaxy phones, Apple Watches, and Apple iPads. Belkin's "Easy Align Tray" directly and indirectly infringes one or more claims of each Asserted Patent, either literally or under the doctrine of equivalents (collectively, "the Accused Belkin Tray Systems"). The Accused Belkin Tray Systems include the "Accused Belkin Face Up Tray Systems" and the "the Accused Belkin Face Down Tray Systems" as identified later in this Complaint. Example model numbers of the Accused Belkin Tray Systems are identified later in this Complaint. Any identification of a specific model or type of the Accused Belkin Tray Systems in this Complaint is in no way intended to limit the scope of this Complaint to the specific models and types that are identified.

29.    Belkin has also infringed the '396 patent, the '085 patent, the '823 patent, the '818 patent, the '315 patent, the '445 patent, the '067 patent, and the '143 patent by, among other activities, Belkin's unlawful making, using, offering for sale, selling, and/or importing into or within the United States Belkin screen protectors for Apple

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

iPhones and Samsung Galaxy phones accompanied by Belkin's application systems (or applicator machines) as identified further herein ("the Accused Belkin Application Systems"). Example model numbers of the Accused Belkin Application Systems are identified later in this Complaint. Any identification of a specific model or type of the Accused Belkin Application Systems in this Complaint is in no way intended to limit the scope of this Complaint to the specific models and types that are identified.

30.    The Accused Belkin Tray Systems and the Accused Belkin Application Systems may be collectively referred to in this Complaint as the "Accused Products."

31.    On information and belief, Belkin first started selling the Accused Products after Ms. Patel joined Belkin.

32.    Belkin has offered and/or offers its screen protectors with the Accused Belkin Tray Systems through the following example websites: Belkin, Best Buy, Office Depot, Staples, Target, and Walmart.

## EXAMPLE ASSERTED PATENT CLAIMS AND EXAMPLE ACCUSED PRODUCTS

33.    Example asserted claims and example Accused Products for each of the Asserted Patents are set forth in the following table. These examples are not intended to be limiting:

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| '396 patent | 3 | Example Accused Belkin Face Up Tray Systems: Belkin screen protectors for Apple iPhones, Samsung Galaxy phones, Apple Watches, and Apple iPads, accompanied by Belkin's Easy Align tray, such as for example, the ScreenForce products, including but not limited to the following: |

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | **For Apple iPhone from Belkin Website (Accused Products that are or have been offered on Belkin's website identified by "SKU" references):**<br><br>• TemperedGlass Screen Protector for iPhone 17 / iPhone 16 Pro, iPhone 17 / iPhone 16 Pro, Gen 2 (SKUs: OVA159fq, OVA159fq-REV)<br><br>• TemperedGlass Screen Protector for iPhone 16 Pro Max, iPhone 16 / iPhone 15 / iPhone 14 Pro, iPhone 16 Plus / iPhone 15 Plus / iPhone 14 Pro Max, iPhone 15 Pro Max (SKUs: OVA160fq, OVA135zz, OVA136zz, OVA138zz)<br><br>• TemperedGlass Treated Screen Protector for iPhone 14 Pro Max, iPhone 13 mini, iPhone 12 Pro Max, iPhone 12 mini (SKUs: OVA102zz, OVA068zz, OVA023zz, OVA020zz)<br><br>• UltraGlass 2 Screen Protector for iPhone 17 / iPhone 16 Pro, iPhone 15 Pro Max, iPhone 15 Pro, iPhone 16 Plus / iPhone 15 Plus / iPhone 14 Pro Max, iPhone 16 / iPhone 15 / iPhone 14 Pro, iPhone 16 Pro Max (SKUs: OVA157fq, OVA134zz, OVA133zz, OVA132zz, OVA131zz, OVA158fq)<br><br>• InvisiGlass Privacy Filter Screen Protector for iPhone 17 / iPhone 16 Pro, iPhone 16 Plus / iPhone 15 Plus / iPhone 14 Pro Max, iPhone 16 / iPhone 15 / iPhone 14 |

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | Pro, iPhone 16 Pro Max (SKUs: OVA169fq, OVA168fq, OVA167fq, OVA170fq)<br><br>• InvisiGlass Treated Screen Protector for iPhone 17 / iPhone 16 Pro, iPhone 16 Plus / iPhone 15 Plus / iPhone 14 Pro Max, iPhone 16 / iPhone 15 / iPhone 14 Pro, iPhone 16 Pro Max (SKUs: OVA173fq, OVA172fq, OVA171fq, OVA174fq)<br><br>• InvisiGlass Blue Light Filter Screen Protector for iPhone 17 / iPhone 16 Pro, iPhone 16 Pro Max, iPhone 15 / iPhone 15 / iPhone 14 Pro, iPhone 16 Plus / iPhone 15 Plus / iPhone 14 Pro Max (SKUs: OVA163fq, OVA164fq, OVA161fq, OVA162fq)<br><br>• UltraGlass 2 Blue Light Filter Screen Protector for iPhone 16 Plus / iPhone 15 Plus / iPhone 14 Pro Max, iPhone 16 / iPhone 15 / iPhone 14 Pro, iPhone 15 Pro Max (SKUs: OVA140zz, OVA139zz, OVA142zz)<br><br>• UltraGlass Blue Light Filter Screen Protector for iPhone 14 Plus / iPhone 13 Pro Max, iPhone 14 Pro, iPhone 14 Pro Max (SKUs: OVA112zz, OVA113zz, OVA114zz)<br><br>• TemperedGlass Privacy Treated Screen Protector for iPhone 12 mini, iPhone 12 Pro Max, iPhone 13 mini, iPhone 14 Pro Max, iPhone 15 Pro Max, iPhone 15 Pro, iPhone 16 Plus / iPhone 15 Plus / iPhone 14 Pro Max, |

10
COMPLAINT FOR PATENT INFRINGEMENT

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | iPhone 16 / iPhone 15 / iPhone 14 Pro (SKUs: OVA028zz, OVA031zz, OVA080zz, OVA116zz, OVA150zz, OVA149zz, OVA148zz, OVA147zz)<br>• UltraGlass Treated Screen Protector for iPhone 13 mini, iPhone 14 Pro Max (SKUs: OVA077zz, OVA104zz)<br>• TemperedGlass Privacy Screen Protector for iPhone 11 / iPhone XR (SKU: 006zz)<br>• UltraGlass 2 Blue Light Filter Screen Protector for iPhone 15 (SKU: OVA141zz)<br>• TemperedGlass Treated Screen Protector for iPhone 15 (SKU: OVA137zz)<br>• UltraGlass 2 Treated Screen Protector for iPhone 15 (SKU: OVA133zz)<br>• TemperedGlass Privacy Treated Screen Protector for iPhone 14/13/12 Series (SKU: OVA115zz)<br>• UltraGlass Blue Light Filter Screen Protector for iPhone 14/13 Series (SKU: OVA111zz)<br>• UltraGlass Treated Screen Protector for iPhone 14/13/12 Series (SKU: OVA103zz)<br>• TemperedGlass Treated Screen Protector for iPhone 14 Pro (SKU: OVA101zz)<br>• TemperedGlass Privacy Treated Screen Protector (SKU: OVA081zz) |

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

| Patent | Example Asserted Claims | Example Accused Products |
|--------|------------------------|-------------------------|
| | | • UltraGlass Treated Screen Protector for iPhone 13 / iPhone 13 Pro (SKU: OVA078zz)<br>• TemperedGlass Treated Screen Protector for iPhone 13 / iPhone 13 Pro (SKU: OVA069zz)<br>• UltraGlass Privacy Treated Screen Protector for iPhone 12 Pro Max / 12 Mini (SKU: OVA045zz)<br>• UltraGlass Anti-Microbial Screen Protector for iPhone 12 / iPhone 12 Pro (SKU: OVA037zz)<br>• Tempered Glass Privacy Anti-Microbial Screen Protector for iPhone 12 / iPhone 12 Pro (SKU: OVA029zz)<br>• Tempered Glass Anti-Microbial Screen Protector for iPhone 12 / iPhone 12 Pro (SKU: OVA021zz)<br>• TemperedGlass Privacy Screen Protector for iPhone 11 Pro / iPhone XS / iPhone X (SKU: OVA004zz)<br>• InvisiGlass™ Ultra Front and Back Protection for iPhone XR (SKU: F8W932dsAPL)<br>• InvisiGlass Ultra Front and Back Protection for iPhone XS Max (SKU: F8W931dsAPL)<br>• InvisiGlass Ultra Front and Back Protection for iPhone X / XS (SKU: F8W930dsAPL)<br>• InvisiGlass Ultra Screen Protection for iPhone XS Max (SKU: F8W905dsAPL) |

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | • TemperedCurve Screen Protector for iPhone 11 Pro (SKU: F8W970zzBLK)<br><br>• InvisiGlass Ultra Privacy Screen Protector for iPhone 11 Pro / XS / X (SKU: F8W955zz)<br><br>• Tempered Glass Screen Protector for iPhone 11 Pro Max / XS Max (SKU: F8W947zz)<br><br>• Tempered Glass Screen Protector for iPhone 11 Pro / XS / X (SKU: F8W946zz)<br><br>• InvisiGlass UltraCurve Screen Protector for iPhone 11 Pro / iPhone X / iPhone Xs (SKU: F8W943zzBLK)<br><br>• InvisiGlass Ultra Treated Screen Protector for iPhone 11 Pro / iPhone XS / iPhone X (SKU: F8W940zz-AM)<br><br>• InvisiGlass™ Ultra Privacy Screen Protection for iPhone XR (SKU: F8W926zz)<br><br>• InvisiGlass Ultra Privacy Screen Protection for iPhone XS Max (SKU: F8W925zz)<br><br>• InvisiGlass Ultra Privacy Screen Protection for iPhone X / XS (SKU: F8W924zz)<br><br>• TemperedCurve Screen Protection for iPhone XR (SKU: F8W916zzBLK)<br><br>• TemperedCurve Screen Protection for iPhone XS Max (SKU: F8W915zzBLK) |

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | • TemperedGlass Screen Protection for iPhone XR (SKU: F8W912zz)<br>• TemperedGlass Screen Protection for iPhone XS Max (SKU: F8W911zz)<br>• InvisiGlass Ultra Screen Protection for iPhone XR (SKU: F8W906zz)<br>• InvisiGlass Ultra Screen Protection for iPhone X / XS (SKU: F8W874zz)<br>• TemperedCurve Screen Protection for iPhone XS / X (SKU: F8W867zzBLK)<br>• TemperedGlass Screen Protection for iPhone XS / X (SKU: F8W861zz)<br>• Invisiglass Ultra Screen Protector for iPhone 8/7/6s/6 (SKU: F8W810tt)<br>• TemperedGlass Screen Protection for iPhone 8 Plus/7 Plus (SKU: F8W807tt)<br>• InvisiGlass Screen Protector for iPhone 8 Plus / iPhone 7 Plus (SKU: F8W806tt)<br>• TemperedGlass Screen Protection for iPhone 8/7/6s/6 (SKU: F8W804tt)<br>• InvisiGlass Ultra Screen Protector for iPhone SE 2nd Gen/8/7/6s/6 (SKU: F8W883zz-REV)<br>• InvisiGlass Ultra Screen Protection for iPhone 8/7/6s/6 (2018) (SKU: F8W883zz) |

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | • TemperedCurve Screen Protection for iPhone 8 Plus/7 Plus (SKU: F8W855zzWHT/BLK)<br>• TemperedCurve Screen Protection for iPhone 8/7/6s/6 (SKU: F8W853zzWHT/BLK)<br><br>**For Apple Watch from Belkin Website (Accused Products that are or have been offered on Belkin's website identified by "SKU" references):**<br><br>• TrueClear Curve Screen Protector for Apple Watch Series 6/SE/5/4 (44mm) (SKU: OVG001zzBLK)<br>• TrueClear Curve Screen Protector for Apple Watch Series 6/SE/5/4 (40mm) (SKU: OVG001zzBLK)<br>• UltraCurve Screen Protection (Apple Watch Series 3/2, 42mm), Water Resistant (SKU: F8W918tt)<br>• UltraCurve Screen Protector for Apple Watch Series 3/2 (38mm, Water Resistant) (SKU: F8W917tt)<br>• UltraCurve Screen Protection (Apple Watch Series 3/2, 42mm) (SKU: F8W840tt)<br>• UltraCurve Screen Protection (Apple Watch Series 3/2, 38mm) (SKU: F8W839tt)<br>• UltraCurve Screen Protection (Series 1, 42mm) (SKU: F8W838tt)<br>• UltraCurve Screen Protection (Series 1, 38mm) (SKU: F8W837tt) |

| Patent | Example Asserted Claims | Example Accused Products |
|--------|------------------------|--------------------------|
|  |  | • Advanced Screen Protector for Apple Watch Series 1 (42mm) (SKU: F8W715tt) |
|  |  | • Advanced Screen Protection (38mm) (SKU: F8W714tt) |
|  |  | **For Apple iPad from Belkin Website (Accused Products that are or have been offered on Belkin's website identified by "SKU" references):** |
|  |  | • TemperedGlass Screen Protector for iPad 10th / 9th / 8th Gen / Air 3 / Pro 10.5" (SKU: OVI004zz) |
|  |  | • Tempered Glass Screen Protector for iPad Pro 10.5 / Air 3 / 7th (SKU: Gen OVI002zz) |
|  |  | • TemperedGlass Screen Protection for iPad Pro 12.9 (2018) (SKU: F8W935zz) |
|  |  | • TemperedGlass Screen Protection for iPad Pro 11 (2018) (SKU: F8W934zz) |
|  |  | • TemperedGlass Screen Protection for iPad 9.7 (SKU: F8W933zz) |
|  |  | • TemperedGlass Screen Protector for iPad Pro 13-inch (SKU: OVI006fq) |
|  |  | **For Samsung Galaxy from Belkin Website (Accused Products currently offered on Belkin's website identified by "SKU" references):** |

| Patent | Example Asserted Claims | Example Accused Products |
|--------|------------------------|--------------------------|
| | | • TrueClear Curve Blue Light Screen Protector for Samsung Galaxy S23 Series (SKU: OVB034zz)<br>• TrueClear Curve Screen Protector for Samsung Galaxy S22 Ultra 5G / S20 Series / Note20 / Note20 Ultra (SKU: OVB031zz)<br>• TemperedCurve Screen Protector for Samsung Galaxy 22/21/20 Series / Note 20 (SKU: OVB029zz)<br>• TemperedGlass Screen Protector for Samsung Galaxy S21 FE (SKU: OVB028zz)<br>• TemperedCurve Screen Protector for Samsung Galaxy S21 5G (SKU: OVB018zzBLK)<br>• TrueClear Curve Screen Protector for Samsung Galaxy S20 (SKU: OVB004zzBLK)<br>• InvisiGlass Curve Screen Protection for Samsung Galaxy Note10+ (SKU: F7M082zz)<br>• InvisiGlass Curve Screen Protector for Samsung Galaxy Note10 (SKU: F7M081zz)<br>• InvisiGlass Curve Screen Protector for Samsung Galaxy S10+ (SKU: F7M070zzBLK)<br>• InvisiGlass Curve Screen Protection for Samsung Galaxy S10 (SKU: F7M069zzBLK)<br>• TemperedCurve Screen Protection for Samsung Galaxy S10e (SKU: F7M068zzBLK) |

17
COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | • TemperedCurve Screen Protection for Samsung Galaxy Note9 (SKU: F7M067zzBLK)<br><br>• TemperedCurve Screen Protection for Samsung Galaxy S9+ (SKU: F7M062zzBLK)<br><br>• TemperedCurve Screen Protection for Samsung Galaxy S9 (SKU: F7M061zzBLK)<br><br>• TemperedCurve Screen Protection for Samsung Galaxy S8+ (SKU: F7M049zzBLK)<br><br>• TemperedCurve Screen Protection for Samsung Galaxy S8 (SKU: F7M048zzBLK)<br><br>• TemperedCurve Screen Protection for Samsung Galaxy Note8 (SKU: F7M047zzBLK)<br><br>• TrueClear Transparent Screen Protector for Galaxy S6 (SKU: F8M985bt3)<br><br>• InvisiGlass Treated Screen Protector for Samsung Galaxy S25/S24, Galaxy S25 Ultra/S24 Ultra, Galaxy S25+/S24+ (SKUs: OVB048fq, OVB050fq, OBV049fq)<br><br>• TrueClear Curve Blue Light Filter Screen Protector for Samsung Galaxy S24, Galaxy 24+, Galaxy S24 Ultra, Galaxy S23+, Galaxy S23 Ultra (SKUs: OVB037zz, OVB038zz, OVB039zz, OVB035zz, OVB036zz)<br><br>**Additional models for Apple iPhone:**<br><br>• Belkin UltraGlass 2 Screen Protector for iPhone 17 / 16 Pro |

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | • Belkin UltraGlass 2 Screen Protector for iPhone 16 Pro Max<br>• Belkin UltraGlass 2 Screen Protector of iPhone 16 Plus<br>• Belkin UltraGlass 2 Screen Protector for iPhone 17 Pro Max<br>• Belkin UltraGlass 2 Screen Protector for iPhone 16<br>• Belkin UltraGlass Screen Protector for iPhone 16e<br>• Belkin UltraGlass 2 Screen Protector for iPhone 15 Pro<br>• Belkin UltraGlass 2 Screen Protector for iPhone 15 Pro Max<br>• Belkin UltraGlass 2 Screen Protector for iPhone 15<br>• Belkin UltraGlass 2 Screen Protector for iPhone 15 Plus<br>• Belkin UltraGlass Screen Protector for iPhone 14 Pro Max<br>• Belkin UltraGlass Screen Protector for iPhone 14 Pro<br>• Belkin UltraGlass Screen Protector for iPhone 14 Plus \| 13 Pro Max<br>• Belkin UltraGlass Screen Protector for iPhone 14 \| 13 \| 13 Pro |

19
COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | • Belkin Anti-Glare Screen Protector for iPhone 13 Pro Max<br><br>• Belkin UltraGlass Screen Protector for iPhone 13 mini<br><br>• Belkin Anti-Glare Screen Protector for iPhone 13 mini<br><br>• Belkin UltraGlass Screen Protector for iPhone 12 Pro Max<br><br>• Belkin UltraGlass Privacy Screen Protector for iPhone 12 Pro Max<br><br>• Belkin Anti-Glare Screen Protector for iPhone 12 Pro Max<br><br>• Belkin Anti-Glare Screen Protector for iPhone 12\|12 Pro<br><br>• Belkin UltraGlass Screen Protector for iPhone 12 mini<br><br>• Belkin Anti-Glare Screen Protector for iPhone 12 mini<br><br>• Belkin InvisiGlass Ultra Screen Protection for iPhone 11 Pro Max / XS Max<br><br>• Belkin InvisiGlass Ultra Screen Protection for iPhone 11 Pro / XS / X<br><br>• Belkin InvisiGlass Ultra Privacy Screen Protection for iPhone 11 Pro / XS / X |

COMPLAINT FOR PATENT INFRINGEMENT

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | • Belkin InvisiGlass Ultra Screen Protection for iPhone 11 / XR<br>• Belkin InvisiGlass Ultra Screen Protection for iPhone SE / 8 / 7<br>• Belkin Anti-Glare Screen Protection for iPhone SE / 8 / 7 |
| '085 patent | 1 and 7 | The Example Accused Belkin Face Up Tray Systems identified as infringing the '396 patent |
| '823 patent | 1 | The Example Accused Belkin Face Up Tray Systems identified as infringing the '396 patent<br><br>Example Accused Belkin Face Down Tray Systems:<br><br>• Belkin UltraGlass 2 Screen Protector for iPhone 16 Pro Max<br>• Belkin UltraGlass 2 Screen Protector for iPhone 17 Pro Max, iPhone 17 Pro, iPhone Air, iPhone 17 / iPhone 16 Pro, Gen 2 (SKUs: OVA194fq, OVA193fq, OVA192fq, OVA157fq-REV)<br>• Belkin InvisGlass Privacy Filter Screen Protector for iPhone 17 Pro Max, iPhone 17 Pro, iPhone Air, iPhone 17 / iPhone 16 Pro, iPhone 17 / iPhone 16 Pro, Gen 2 (SKUs: OVA214fq, OVA213fq, OVA212fq, OVA169fq, OVA169fq-REV)<br>• TemperedGlass Screen Protector for iPhone 17 Pro Max, iPhone 17 Pro, iPhone Air, iPhone 17 / iPhone 16 |

21

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | Pro, Gen 2 (SKUs: OVA221fq, OVA220fq, OVA219fq, OVA159fq-REV)<br><br>The Accused Belkin Application Systems used at retail stores, including but not limited to:<br><br>• ScreenCare+ Application System (SKU: P00610)<br>• SCREENFORCE Application System (SKU: P00553) |
| '818 patent | 1 | The Example Accused Belkin Face Up Tray Systems identified as infringing the '396 patent<br>The Example Accused Belkin Face Down Tray Systems identified as infringing the '823 patent<br><br>The Accused Belkin Application Systems used at retail stores, including but not limited to:<br><br>• ScreenCare+ Application System (item no P00610)<br>• SCREENFORCE Application System (item no P00553) |
| '315 patent | 1 | The Example Accused Belkin Face Up Tray Systems identified as infringing the '396 patent<br>The Example Accused Belkin Face Down Tray Systems identified as infringing the '823 patent<br><br>The Accused Belkin Application Systems used at retail stores, including but not limited to:<br><br>• ScreenCare+ Application System (SKU: P00610) |

| Patent | Example Asserted Claims | Example Accused Products |
|---|---|---|
| | | • SCREENFORCE Application System (SKU: P00553) |
| '445 patent | 1 | The Example Accused Belkin Face Up Tray Systems identified as infringing the '396 patent<br><br>The Example Accused Belkin Face Down Tray Systems identified as infringing the '823 patent<br><br>The Accused Belkin Application Systems used at retail stores, including but not limited to:<br><br>• ScreenCare+ Application System (SKU: P00610)<br>• SCREENFORCE Application System (SKU: P00553) |
| '067 patent | 1 | The Example Accused Belkin Face Up Tray Systems identified as infringing the '396 patent<br><br>The Example Accused Belkin Face Down Tray Systems identified as infringing the '823 patent<br><br>The Accused Belkin Application Systems used at retail stores, including but not limited to:<br><br>• ScreenCare+ Application System (SKU: P00610)<br>• SCREENFORCE Application System (SKU: P00553) |
| '143 patent | 1, 11 | The Example Accused Belkin Face Up Tray Systems identified as infringing the '396 patent |

23

COMPLAINT FOR PATENT INFRINGEMENT

| Patent | Example Asserted Claims | Example Accused Products |
|--------|-------------------------|--------------------------|
| | | The Example Accused Belkin Face Down Tray Systems identified as infringing the '823 patent <br><br> The Accused Belkin Application Systems used at retail stores, including but not limited to: <br><br> • ScreenCare+ Application System (SKU: P00610) <br> • SCREENFORCE Application System (SKU: P00553) |

**BELKIN'S WILLFUL INFRINGEMENT OF THE ASSERTED PATENTS**

34.    Belkin has knowingly used, and is using, Superior's Asserted Patents without a license. Belkin's infringement of Superior's Asserted Patents is willful, as described further below.

35.    Attempting to discuss licensing of the Asserted Patents to Belkin, Superior wrote several letters to Belkin over several years: Superior Letter to Belkin dated August 30, 2019, a true and correct copy attached as Exhibit 10; Superior Letter to Belkin dated October 30, 2019, a true and correct copy attached as Exhibit 11; Superior Letter to Belkin dated June 28, 2021, a true and correct copy attached as Exhibit 12; and Superior Letter to Belkin dated September 27, 2022, a true and correct copy attached as Exhibit 13. Belkin did not substantively respond to any of Superior's letters regarding the Asserted Patents.

36.    In the August 30, 2019 letter, Superior's counsel wrote to Belkin's CEO at the time, Christopher Lu. The letter identified four Superior patents that were issued at the time (the '818 patent, the '823 patent, the '085 patent, and the '396 patent), plus another patent that was about to issue (the '315 patent).

37.     The August 30, 2019 letter identified an "exemplary list of Belkin products that infringe Superior's patents," identifying over 40 such products.

38.     The August 30, 2019 letter concluded: "We look forward to having a near-term dialogue with Belkin with the goal of reaching an agreement that advances both Superior's and Belkin's goals. We are willing to discuss licensing of Superior's patents to Belkin."

39.     Superior followed up on October 30, 2019.  In the October 30, 2019 letter to Belkin, Superior's counsel once again wrote to the CEO of Belkin at the time, Christopher Lu.

40.     The October 30, 2019 letter identified the following of Superior's Asserted Patents as being infringed by Belkin: the '818 patent, the '823 patent, the '085 patent, the '396 patent, and the '315 patent.

41.     The October 30, 2019 letter identified an "exemplary list of Belkin products that infringe Superior's patents," which list included more than 40 Belkin products.

42.     The October 30, 2019 letter noted that it had been two months since the August 30, 2019 letter without a response and offered "to discuss licensing of Superior's patents to Belkin."

43.     Having received no response from Belkin on the first two letters, Superior followed up again on June 28, 2021 with another letter to Belkin.

44.     In the June 28, 2021 letter, Superior's counsel noted that "Belkin never responded to" the August 30, 2019 and October 30, 2019 letters.

45.     The June 28, 2021 letter identified the same five Superior Asserted Patents in the October 30, 2019 letter, plus the '445 patent. The letter states that Belkin infringes all six of those patents.

46.     The June 28, 2021 letter identified 16 Belkin products and stated that they "infringe one or more claim of Superior's patents." The letter also identified claims from six patents that Superior claimed were infringed by Belkin.

47.    The June 28, 2021 letter asked Belkin to respond by July 9, 2021 "to discuss an agreement between Superior and Belkin according to which Belkin stops its infringement of Superior's patents and pays Superior a reasonably royalty for its past infringement."

48.    Again, having received no response from Belkin and the July 9, 2021 deadline having come and gone, Superior's counsel wrote to Belkin again on September 27, 2022.

49.    In the September 27, 2022 letter to Belkin, Superior's counsel wrote to Belkin's new CEO, Steven Maloney, and its Chief Legal Officer, Jo Taylor.

50.    Superior's counsel wrote they were "following up our letters dated August 30, 2019, October 30, 2019, and June 28, 2021 ...." The letter also stated: "Unfortunately, Belkin has not responded to our letters."

51.    The September 27, 2022 letter identified all of the Asserted Patents and stated that Belkin infringes them.

52.    The September 27, 2022 letter also stated that "Belkin has expanded its infringement of Superior's patents" and identified 15 Belkin products.

53.    The September 27, 2022 letter stated that Superior wanted to "avoid a path of contentiousness between the parties and have a reasonable discussion about licensing Superior's patents outside of litigation."

54.    As of September 27, 2022, Belkin had not responded to Superior's counsel's letters.

55.    On October 5, 2022, Belkin's counsel responded to Superior's counsel. Belkin counsel wrote: "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me," a true and correct copy of that email correspondence is attached as Exhibit 14.

56.    Belkin's counsel did not follow up with Superior as to how, if at all, Belkin "look[ed] into this matter."

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

57.    Neither Belkin nor its counsel contacted Superior to have any discussions concerning licensing of Superior's Asserted Patents, and Belkin has still not ceased its infringing activity.

58.    Belkin has been aware of the '396 patent, the '085 patent, the '823 patent, the '818 patent, and the '315 patent since no later than about August 30, 2019. *See* Exhibits 10-13. Belkin has been aware of the '445 patent since no later than about June 28, 2021. *See* Exhibits 12-13. Belkin has been aware of the '067 patent and the '143 patent since no later than about September 27, 2022. *See* Exhibit 13. Belkin acknowledged Superior's letters no later than October 5, 2022. *See* Exhibit 14.

59.    On information and belief, since hiring Shraddha Patel in September 2012, Belkin has also been aware that, as the first named inventor of the Asserted Patents, Ms. Patel worked as Mechanical Engineering Manager at Superior from September 2009 to September 2012. *See* Exhibit 9. On information and belief, Belkin has been aware that during that time, along with others at Superior, Ms. Patel co-invented the subject matter of the Asserted Patents. For example, on February 2, 2017, in an Information Disclosure Statement (IDS) submitted by Belkin in U.S. patent application serial number 15/266,845, Belkin cited one of the two Asserted Patents that had issued by that time, the '085 patent. Before that, on November 9, 2016, in an IDS submitted by Belkin in U.S. patent application serial number 29/566,345, Belkin cited the '085 patent.

60.    According to the assignments, the named inventors agreed, among other things, not to contest the validity or enforceability of the assigned intellectual property rights, or to assist or request any third party to contest the validity or enforceability of the assigned rights. Due to Ms. Patel's assignments of her rights to the Asserted Patents to Superior, and Ms. Patel subsequently serving as Regional Product Manager and Head of Product Development at Belkin, Ms. Patel is estopped from challenging the validity of the claims of the Asserted Patents under the doctrine of assignor estoppel. Due to Ms. Patel's assignments of her rights to the Asserted Patents to

27

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

Superior, and Ms. Patel subsequently being employed by and supporting Belkin, including being a leader and principal engineer of Belkin, Belkin is estopped from challenging the validity of the claims of the Asserted Patents under the doctrine of assignor estoppel.

61.    Belkin actively promotes and educates consumers about infringing use of the Accused Belkin Tray Systems in the United States. *See* Exhibit 15; Exhibit 16; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 20.

62.    As a result of Belkin's disregard for Superior's rights in the Asserted Patents, Belkin's infringement of the Asserted Patents has been, and continues to be done willfully and with notice of the Asserted Patents.

## <u>COUNT I</u>

### <u>(Belkin's Infringement of the '396 Patent)</u>

63.    Belkin infringes at least example claim 3 of the '396 patent, directly and/or indirectly via induced infringement and/or contributory infringement. In particular, the Accused Belkin Tray Systems infringe the '396 patent. Belkin infringes this example claim by making, using, offering to sell, selling and/or importing in and into the United States the Accused Belkin Tray Systems in violation of 35 U.S.C. §§ 271(a)-(c). The Accused Belkin Tray Systems satisfy all claim limitations of at least the example claim of the '396 patent. A claim chart applying example claim 3 of the '396 patent to a representative of the Accused Belkin Tray Systems is attached as Exhibit 21.

64.    Despite knowing of the '396 patent, Belkin directly infringes the patent by making, using, offering to sell, or selling the Accused Belkin Tray Systems in the United States and by importing the Accused Belkin Tray Systems into the United States in violation of 35 U.S.C. § 271(a).

65.    Despite knowing of the '396 patent, Belkin actively, knowingly, and intentionally induced the infringement of the '396 patent by actively encouraging others to make, use, offer to sell, or sell the Accused Belkin Tray Systems in the

COMPLAINT FOR PATENT INFRINGEMENT
Case No. <u>2:25-cv-09759</u>

United States and/or import the Accused Belkin Tray Systems into the United States in violation of 35 U.S.C. § 271(b). For example, Belkin actively promotes and educates consumers on how to use the Accused Belkin Tray Systems in the United States in an infringing manner, which actuates direct infringement of the '396 patent by others. *See* Exhibit 15; Exhibit 16; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 20.

66.    Belkin posts training videos on its web site and on YouTube that instruct consumers on how to use the Accused Belkin Tray Systems in a manner that infringes the '396 patent. Belkin promotes purchase and use of the Accused Belkin Tray Systems by consumers through its web site and through other Internet-based sources, such as YouTube.

67.    Belkin knew and knows that its actions have induced and continue to induce infringement of the '396 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and import into the United States the Accused Belkin Tray Systems (including retailers, consumers, and end users) and directly infringe the '396 patent. Belkin does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting the Accused Belkin Tray Systems; creating and distributing marketing, promotional, educational, and other product literature the Accused Belkin Tray Systems; and offering support for the Accused Belkin Tray Systems. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the Accused Belkin Tray Systems in a manner that infringes the '396 Patent. *See also* Exhibits 10-13 (letters from Superior notifying Belkin of infringement).

68.    Belkin had actual notice of the '396 patent prior to the filing of the Complaint in this case. For example, as stated above, Superior wrote several letters to Belkin over several years concerning Belkin's infringement of the '396 patent: Superior Letter to Belkin dated August 30, 2019 (Exhibit 10) (stating that Belkin

29

COMPLAINT FOR PATENT INFRINGEMENT

Case No. 2:25-cv-09759

infringes the '396 patent); Superior Letter to Belkin dated October 30, 2019 (Exhibit 11) (same); Superior Letter to Belkin dated June 28, 2021 (Exhibit 12) (same; also stating that Belkin did not respond to prior letters); and Superior Letter to Belkin dated September 27, 2022 (Exhibit 13) (same). Belkin never substantively responded to any of Superior's letters regarding the Asserted Patents. Instead, Belkin hired counsel who merely wrote back on October 5, 2022 (Exhibit 14): "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me." Belkin's counsel never followed up to report to Superior on the result of Belkin's "looking into this matter."

69.     Belkin has contributed to, and continues to contribute to, infringement of the '396 patent by offering to sell or selling within the United States or importing into the United States the Accused Belkin Tray Systems (where each of the Accused Belkin Tray Systems is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

70.     For example, the Accused Belkin Tray Systems can only be used for applying screen protectors onto devices in a manner that infringes the '396 patent. They have no other known use, and thus are not suitable for any non-infringing use, much less substantial non-infringing use. Moreover, Belkin's manufacture, offers for sale, sales, and importation of the Accused Belkin Tray Systems include an alignment tray system and the screen protector and materially contribute to infringement of the '396 patent. As stated above, Belkin has known for years about the '396 patent and about its infringing activity.

71.    Belkin's inducement of, and contribution to, the direct infringement of the '396 patent has been, and is, continuous and ongoing through the acts described above in connection with Belkin's provision of the Accused Belkin Tray Systems.

72.    As stated above in Paragraphs 34-62, Belkin's infringement of the '396 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Superior's rights under the patent.

73.    Superior is entitled to damages in accordance with 35 U.S.C. § 284 and injunction for irreparable harm suffered as a result of Belkin's infringement.

## COUNT II

### (Belkin's Infringement of the '085 Patent)

74.    Belkin infringes at least example claims 1 and 7 of the '085 patent, directly and/or indirectly via induced infringement and/or contributory infringement. In particular, the Accused Belkin Tray Systems infringe the '085 patent. Belkin infringes these example claims by making, using, offering to sell, selling, and/or importing in and into the United States the Accused Belkin Tray Systems in violation of 35 U.S.C. §§ 271(a)-(c). The Accused Belkin Tray Systems (except Apple Watch products as to claim 1) satisfy all claim limitations of at least the example claims of the '085 patent. A claim chart applying example claims 1 and 7 of the '085 patent to a representative of the Accused Belkin Tray Systems is attached as Exhibit 22.

75.    Despite knowing of the '085 patent, Belkin directly infringes the patent by making, using, offering to sell, or selling the Accused Belkin Tray Systems in the United States and by importing the Accused Belkin Tray Systems into the United States in violation of 35 U.S.C. § 271(a).

76.    Despite knowing of the '085 patent, Belkin actively, knowingly, and intentionally induced the infringement of the '085 patent by actively encouraging others to make, use, offer to sell, or sell the Accused Belkin Tray Systems in the United States and/or import the Accused Belkin Tray Systems into the United States in violation of 35 U.S.C. § 271(b). For example, Belkin actively promotes and

31

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

educates consumers on how to use the Accused Belkin Tray Systems in the United States in an infringing manner, which actuates direct infringement of the '085 patent by others. *See* Exhibit 15; Exhibit 16; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 20.

77.     Belkin posts training videos on its web site and on YouTube that instruct consumers on how to use the Accused Belkin Tray Systems in a manner that infringes the '085 patent. Belkin promotes purchase and use of the Accused Belkin Tray Systems by consumers through its web site and through other Internet-based sources, such as YouTube.

78.     Belkin knew and knows that its actions have induced and continue to induce infringement of the '085 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and import into the United States the Accused Belkin Tray Systems (including retailers, consumers, and end users) and directly infringe the '085 patent. Belkin does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising, and promoting the Accused Belkin Tray Systems; creating and distributing marketing, promotional, educational, and other product literature the Accused Belkin Tray Systems; and offering support for the Accused Belkin Tray Systems. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the Accused Belkin Tray Systems in a manner that infringes the '085 Patent. *See also* Exhibits 10-13 (letters from Superior notifying Belkin of infringement).

79.     Belkin had actual notice of the '085 patent prior to the filing of the Complaint in this case. For example, as stated above, Superior wrote several letters to Belkin over several years concerning Belkin's infringement of the '085 patent: Superior Letter to Belkin dated August 30, 2019 (Exhibit 10) (stating that Belkin infringes the '085 patent); Superior Letter to Belkin dated October 30, 2019 (Exhibit 11) (same); Superior Letter to Belkin dated June 28, 2021 (Exhibit 12) (same; also

stating that Belkin did not respond to prior letters); and Superior Letter to Belkin dated September 27, 2022 (Exhibit 13) (same). Belkin never substantively responded to any of Superior's letters regarding the Asserted Patents. Instead, Belkin hired counsel who merely wrote back on October 5, 2022 (Exhibit 14): "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me." Belkin's counsel never followed up to report to Superior on the result of Belkin's "looking into this matter."

80.    Belkin has contributed to, and continues to contribute to, infringement of the asserted claims of the '085 patent by offering to sell or selling within the United States or importing into the United States the Accused Belkin Tray Systems (where each of the Accused Belkin Tray Systems is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

81.    For example, the Accused Belkin Tray Systems can only be used for applying screen protectors onto devices in a manner that infringes the '085 patent. They have no other known use, and thus are not suitable for any non-infringing use, much less substantial non-infringing use. Moreover, Belkin's manufacture, offers for sale, sales, and importation of the Accused Belkin Tray Systems include an alignment tray system and the screen protector and materially contribute to infringement of the '085 patent. As stated above, Belkin has known for years about the '085 patent and about its infringing activity.

82.    Belkin's inducement of, and contribution to, the direct infringement of the '085 patent has been, and is, continuous and ongoing through the acts described above in connection with Belkin's provision of the Accused Belkin Tray Systems.

83.    As stated above in Paragraphs 34-62, Belkin's infringement of the '085 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Superior's rights under the patent.

84.    Superior is entitled to damages in accordance with 35 U.S.C. § 284 and injunction for irreparable harm suffered as a result of Belkin's infringement.

## COUNT III

### (Belkin's Infringement of the '823 Patent)

85.    Belkin infringes at least example claim 1 of the '823 patent, directly and/or indirectly via induced infringement and/or contributory infringement. In particular, the Accused Belkin Tray Systems and the Accused Belkin Application Systems infringe the '823 patent. Belkin infringes this example claim by making, using, offering to sell, selling, and/or importing in and into the United States the Accused Products in violation of 35 U.S.C. §§ 271(a)-(c). The Accused Products satisfy all claim limitations of at least the example claim of the '823 patent. On information and belief, Belkin designs and tests the Accused Belkin Application Systems in the United States. *See* https://www.belkin.com/clp-about-us.html; https://eftm.com/2023/01/inside-belkins-new-global-headquarters-in-la-an-innovation-space-from-office-to-labs-231041. A claim chart applying example claim 1 of the '823 patent to a representative of the Accused Belkin Tray Systems and a representative of the Accused Belkin Application Systems is attached as Exhibit 23.

86.    Despite knowing of the '823 patent, Belkin directly infringes the patent by making, using, offering to sell, or selling the Accused Products in the United States and by importing the Accused Products into the United States in violation of 35 U.S.C. § 271(a).

87.    Despite knowing of the '823 patent, Belkin actively, knowingly, and intentionally induced the infringement of the '823 patent by actively encouraging others to make, use, offer to sell, or sell the Accused Products in the United States and/or import the Accused Products into the United States in violation of 35 U.S.C. §

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

271(b). For example, Belkin actively promotes and educates consumers on how to use the Accused Belkin Tray Systems in the United States in an infringing manner, which actuates direct infringement of the '823 patent by others. *See* Exhibit 15; Exhibit 16; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 20. Belkin also actively promotes the Accused Belkin Application Systems, including the ScreenCare+ Application System, for use by retailers in the United States. See https://www.belkin.com/support-product/?sku=P00610; https://www.youtube.com/watch?v=uBG541tsVjg.

88.     Belkin posts training videos on its web site and on YouTube that instruct consumers on how to use the Accused Belkin Tray Systems in a manner that infringes the '823 patent. Belkin promotes purchase and use of the Accused Belkin Tray Systems by consumers through its web site and through other Internet-based sources, such as YouTube. On information and belief, Belkin provides training and instruction to retail customers on how to use the Accused Belkin Application Systems.

89.     Belkin knew and knows that its actions have induced and continue to induce infringement of the '823 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and import into the United States the Accused Belkin Tray Systems (including retailers, consumers, and end users) and Accused Belkin Application Systems (including retailers) and directly infringe the '823 patent. Belkin does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting the Accused Belkin Tray Systems; creating and distributing marketing, promotional, educational, and other product literature the Accused Belkin Tray Systems; offering support for the Accused Belkin Tray Systems and Accused Belkin Application Systems; and, on information and belief, training and instructing customers on how to use the Accused Belkin Application Systems. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the Accused Belkin

35

Tray Systems and Accused Belkin Application Systems in a manner that infringes the '823 patent. *See also* Exhibits 10-13 (letters from Superior notifying Belkin of infringement).

90.    Belkin had actual notice of the '823 patent prior to the filing of the Complaint in this case. For example, as stated above, Superior wrote several letters to Belkin over several years concerning Belkin's infringement of the '823 patent: Superior Letter to Belkin dated August 30, 2019 (Exhibit 10) (stating that Belkin infringes the '823 patent); Superior Letter to Belkin dated October 30, 2019 (Exhibit 11) (same); Superior Letter to Belkin dated June 28, 2021 (Exhibit 12) (same; also stating that Belkin did not respond to prior letters); and Superior Letter to Belkin dated September 27, 2022 (Exhibit 13) (same). Belkin never substantively responded to any of Superior's letters regarding the Asserted Patents. Instead, Belkin hired counsel who merely wrote back on October 5, 2022 (Exhibit 14): "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me." Belkin's counsel never followed up to report to Superior on the result of Belkin's "looking into this matter."

91.    Belkin has contributed to, and continues to contribute to, infringement of the asserted claims of the '823 patent by offering to sell or selling within the United States or importing into the United States the Accused Products (where each of the Accused Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

92.    For example, the Accused Belkin Tray Systems and Accused Belkin Application Systems can only be used for applying screen protectors onto devices in a manner that infringes the '823 patent. They have no other known use, and thus are

36

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

not suitable for any non-infringing use, much less substantial non-infringing use. Moreover, Belkin's manufacture, offers for sale, sales, and importation of the Accused Belkin Tray Systems include an alignment tray system and the screen protector and materially contribute to infringement of the '823 patent. The Accused Belkin Application Systems include an alignment machine and specially adapted screen protector assemblies and materially contribute to infringement of the '823 patent. As stated above, Belkin has known for years about the '823 patent and about its infringing activity.

93.    Belkin's inducement of, and contribution to, the direct infringement of the '823 patent has been, and is, continuous and ongoing through the acts described above in connection with Belkin's provision of the Accused Belkin Tray Systems and the Accused Belkin Application Systems.

94.    As stated above in Paragraphs 34-62, Belkin's infringement of the '823 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Superior's rights under the patent.

95.    Superior is entitled to damages in accordance with 35 U.S.C. § 284 and injunction for irreparable harm suffered as a result of Belkin's infringement.

## COUNT IV

### (Belkin's Infringement of the '818 Patent)

96.    Belkin infringes at least example claim 1 of the '818 patent, directly and/or indirectly via induced infringement and/or contributory infringement. In particular, the Accused Belkin Tray Systems and the Accused Belkin Application Systems infringe the '818 patent. Belkin infringes this example claim by making, using, offering to sell, selling, and/or importing in and into the United States the Accused Products in violation of 35 U.S.C. §§ 271(a)-(c). The Accused Products satisfy all claim limitations of the at least the example claim of the '818 patent. On information and belief, Belkin designs and tests the Accused Belkin Application Systems in the United States. *See* https://www.belkin.com/clp-about-us.html;

37

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

1   https://eftm.com/2023/01/inside-belkins-new-global-headquarters-in-la-an-

2   innovation-space-from-office-to-labs-231041. A claim chart applying example claim

3   1 of the '818 patent to a representative of the Accused Belkin Tray Systems and a

4   representative of the Accused Belkin Application Systems is attached as Exhibit 24.

5       97.    Despite knowing of the '818 patent, Belkin directly infringes the patent

6   by making, using, offering to sell, or selling the Accused Products in the United States

7   and by importing the Accused Products into the United States in violation of 35 U.S.C.

8   § 271(a).

9       98.    Despite knowing of the '818 patent, Belkin actively, knowingly, and

10  intentionally induced the infringement of the '818 patent by actively encouraging

11  others to make, use, offer to sell, or sell the Accused Products in the United States

12  and/or import the Accused Products into the United States in violation of 35 U.S.C. §

13  271(b). For example, Belkin actively promotes and educates consumers on how to use

14  the Accused Belkin Tray Systems in the United States in an infringing manner, which

15  actuates direct infringement of the '818 patent by others. *See* Exhibit 15; Exhibit 16;

16  Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 20. Belkin also actively promotes the

17  Accused Belkin Application Systems, including the ScreenCare+ Application

18  System, for use by retailers in the United States. *See* https://www.belkin.com/support-

19  product/?sku=P00610; https://www.youtube.com/watch?v=uBG541tsVjg.

20      99.    Belkin posts training videos on its web site and on YouTube that instruct

21  consumers on how to use the Accused Belkin Tray Systems in a manner that infringes

22  the '818 patent. Belkin promotes purchase and use of the Accused Belkin Tray

23  Systems by consumers through its web site and through other Internet-based sources,

24  such as YouTube. On information and belief, Belkin provides training and instruction

25  to retail customers on how to use the Accused Belkin Application Systems.

26      100.   Belkin knew and knows that its actions have induced and continue to

27  induce infringement of the '818 patent under 35 U.S.C. § 271(b) by, among other

28  things, actively and knowingly aiding and abetting others who make, use, test, sell,

license, offer to sell within the United States and import into the United States the Accused Belkin Tray Systems (including retailers, consumers, and end users) and Accused Belkin Application Systems (including retailers) and directly infringe the '818 patent. Belkin does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting the Accused Belkin Tray Systems; creating and distributing marketing, promotional, educational, and other product literature the Accused Belkin Tray Systems; offering support for the Accused Belkin Tray Systems and Accused Belkin Application Systems; and, on information and belief, training and instructing customers on how to use the Accused Belkin Application Systems. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the Accused Belkin Tray Systems and Accused Belkin Application Systems in a manner that infringes the '818 patent. *See also* Exhibits 10-13 (letters from Superior notifying Belkin of infringement).

101.    Belkin had actual notice of the '818 patent prior to the filing of the Complaint in this case. For example, as stated above, Superior wrote several letters to Belkin over several years concerning Belkin's infringement of the '818 patent: Superior Letter to Belkin dated August 30, 2019 (Exhibit 10) (stating that Belkin infringes the '818 patent); Superior Letter to Belkin dated October 30, 2019 (Exhibit 11) (same); Superior Letter to Belkin dated June 28, 2021 (Exhibit 12) (same; also stating that Belkin did not respond to prior letters); and Superior Letter to Belkin dated September 27, 2022 (Exhibit 13) (same). Belkin never substantively responded to any of Superior's letters regarding the Asserted Patents. Instead, Belkin hired counsel who merely wrote back on October 5, 2022 (Exhibit 14): "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me." Belkin's counsel never followed up to report to Superior on the result of Belkin's "looking into this matter."

102.   Belkin has contributed to, and continues to contribute to, infringement of the asserted claims of the '818 patent by offering to sell or selling within the United States or importing into the United States the Accused Products (where each of the Accused Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

103.   For example, the Accused Belkin Tray Systems and Accused Belkin Application Systems can only be used for applying screen protectors onto devices in a manner that infringes the '818 patent. They have no other known use, and thus are not suitable for any non-infringing use, much less substantial non-infringing use. Moreover, Belkin's manufacture, offers for sale, sales, and importation of the Accused Belkin Tray Systems include an alignment tray system and the screen protector and materially contribute to infringement of the '818 patent. The Accused Belkin Application Systems include an alignment machine and specially adapted screen protector assemblies and materially contribute to infringement of the '818 patent.  As stated above, Belkin has known for years about the '818 patent and about its infringing activity.

104.   Belkin's inducement of, and contribution to, the direct infringement of the '818 patent has been, and is, continuous and ongoing through the acts described above in connection with Belkin's provision of the Accused Belkin Tray Systems and the Accused Belkin Application Systems.

105.   As stated above in Paragraphs 34-62, Belkin's infringement of the '818 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Superior's rights under the patent.

106.   Superior is entitled to damages in accordance with 35 U.S.C. § 284 and injunction for irreparable harm suffered as a result of Belkin's infringement.

## COUNT V

### (Belkin's Infringement of the '315 Patent)

107.   Belkin infringes at least example claim 1 of the '315 patent, directly and/or indirectly via induced infringement and/or contributory infringement. In particular, the Accused Belkin Tray Systems and the Accused Belkin Application Systems infringe the '315 patent. Belkin infringes this example claim by making, using, offering to sell, selling, and/or importing in and into the United States the Accused Products in violation of 35 U.S.C. §§ 271(a)-(c). The Accused Products satisfy all claim limitations of at least the example claim of the '315 patent. On information and belief, Belkin designs and tests the Accused Belkin Application Systems in the United States. *See* https://www.belkin.com/clp-about-us.html; https://eftm.com/2023/01/inside-belkins-new-global-headquarters-in-la-an-innovation-space-from-office-to-labs-231041. A claim chart applying example claim 1 of the '315 patent to a representative of the Accused Belkin Tray Systems and a representative of the Accused Belkin Application Systems is attached as Exhibit 25.

108.   Despite knowing of the '315 patent, Belkin directly infringes the patent by making, using, offering to sell, or selling the Accused Products in the United States and by importing the Accused Products into the United States in violation of 35 U.S.C. § 271(a).

109.   Despite knowing of the '315 patent, Belkin actively, knowingly, and intentionally induced the infringement of the '315 patent by actively encouraging others to make, use, offer to sell, or sell the Accused Products in the United States and/or import the Accused Products into the United States in violation of 35 U.S.C. § 271(b). For example, Belkin actively promotes and educates consumers on how to use the Accused Belkin Tray Systems in the United States in an infringing matter, which actuates direct infringement of the '315 patent by others. *See* Exhibit 15; Exhibit 16;

41

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 20. Belkin also actively promotes the Accused Belkin Application Systems, including the ScreenCare+ Application System, for use by retailers in the United States. *See* https://www.belkin.com/support-product/?sku=P00610; https://www.youtube.com/watch?v=uBG541tsVjg

110.   Belkin posts training videos on its web site and on YouTube that instruct consumers on how to use the Accused Belkin Tray Systems in a manner that infringes the '315 patent. Belkin promotes purchase and use of the Accused Belkin Tray Systems by consumers through its web site and through other Internet-based sources, such as YouTube. On information and belief, Belkin provides training and instruction to retail customers on how to use the Accused Belkin Application Systems.

111.   Belkin knew and knows that its actions have induced and continue to induce infringement of the '315 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and import into the United States the Accused Belkin Tray Systems (including retailers, consumers, and end users) and Accused Belkin Application Systems (including retailers) and directly infringe the '315 patent. Belkin does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting the Accused Belkin Tray Systems; creating and distributing marketing, promotional, educational, and other product literature the Accused Belkin Tray Systems; offering support for the Accused Belkin Tray Systems and Accused Belkin Application Systems; and, on information and belief, training and instructing customers on how to use the Accused Belkin Application Systems. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the Accused Belkin Tray Systems and Accused Belkin Application Systems in a manner that infringes the '315 patent. *See also* Exhibits 10-13 (letters from Superior notifying Belkin of infringement).

112.   Belkin had actual notice of the '315 patent prior to the filing of the Complaint in this case. For example, as stated above, Superior wrote several letters to Belkin over several years concerning Belkin's infringement of the '315 patent: Superior Letter to Belkin dated August 30, 2019 (Exhibit 10) (stating that Belkin infringes the '315 patent); Superior Letter to Belkin dated October 30, 2019 (Exhibit 11) (same); Superior Letter to Belkin dated June 28, 2021 (Exhibit 12) (same; also stating that Belkin did not respond to prior letters); and Superior Letter to Belkin dated September 27, 2022 (Exhibit 13) (same). Belkin never substantively responded to any of Superior's letters regarding the Asserted Patents. Instead, Belkin hired counsel who merely wrote back on October 5, 2022 (Exhibit 14): "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me." Belkin's counsel never followed up to report to Superior on the result of Belkin's "looking into this matter."

113.   Belkin has contributed to, and continues to contribute to, infringement of the '315 patent by offering to sell or selling within the United States or importing into the United States the Accused Products (where each of the Accused Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

114.   For example, the Accused Belkin Tray Systems and Accused Belkin Application Systems can only be used for applying screen protectors onto devices in a manner that infringes the '315 patent. They have no other known use, and thus are not suitable for any non-infringing use, much less substantial non-infringing use. Moreover, Belkin's manufacture, offers for sale, sales, and importation of the Accused Belkin Tray Systems include an alignment tray system and the screen

43

protector and materially contribute to infringement of the '315 patent. The Accused Belkin Application Systems include an alignment machine and specially adapted screen protector assemblies and materially contribute to infringement of the '315 patent. As stated above, Belkin has known for years about the '315 patent and about its infringing activity.

115. Belkin's inducement of, and contribution to, the direct infringement of the '315 patent has been, and is, continuous and ongoing through the acts described above in connection with Belkin's provision of the Accused Belkin Tray Systems and the Accused Belkin Application Systems.

116. As stated above in Paragraphs 34-62, Belkin's infringement of the '315 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Superior's rights under the patent.

117. Superior is entitled to damages in accordance with 35 U.S.C. § 284 and injunction for irreparable harm suffered as a result of Belkin's infringement.

## COUNT VI

### (Belkin's Infringement of the '445 Patent)

118. Belkin infringes at least example claim 1 of the '445 patent, directly and/or indirectly via induced infringement and/or contributory infringement. In particular, the Accused Belkin Tray Systems and the Accused Belkin Application Systems infringe the '445 patent. Belkin infringes this example claim by making, using, offering to sell, selling, and/or importing in and into the United States the Accused Products in violation of 35 U.S.C. §§ 271(a)-(c). The Accused Products satisfy all claim limitations of at least the example claim of the '445 patent. On information and belief, Belkin designs and tests the Accused Belkin Application Systems in the United States. *See* https://www.belkin.com/clp-about-us.html; https://eftm.com/2023/01/inside-belkins-new-global-headquarters-in-la-an-innovation-space-from-office-to-labs-231041. A claim chart applying example claim

1 of the '445 patent to a representative of the Accused Belkin Tray Systems and a

representative of the Accused Belkin Apple Store Systems is attached as Exhibit 26.

119.    Despite knowing of the '445 patent, Belkin directly infringes the patent

by making, using, offering to sell, or selling the Accused Products in the United States

and by importing the Accused Products into the United States in violation of 35 U.S.C.

§ 271(a).

120.    Despite knowing of the '445 patent, Belkin actively, knowingly, and

intentionally induced the infringement of the ''445 patent by actively encouraging

others to make, use, offer to sell, or sell the Accused Products in the United States

and/or import the Accused Products into the United States in violation of 35 U.S.C. §

271(b). For example, Belkin actively promotes and educates consumers on how to use

the Accused Belkin Tray Systems in the United States in an infringing manner, which

actuates infringement of the '823 patent by others. *See* Exhibit 15; Exhibit 16; Exhibit

17; Exhibit 18; Exhibit 19; Exhibit 20. Belkin also actively promotes the Accused

Belkin Application Systems, including the ScreenCare+ Application System, for use

by retailers in the United States. *See* https://www.belkin.com/support-

product/?sku=P00610; https://www.youtube.com/watch?v=uBG541tsVjg

121.    Belkin posts training videos on its web site and on YouTube that instruct

consumers on how to use the Accused Belkin Tray Systems in a manner that infringes

the '445 patent. Belkin promotes purchase and use of the Accused Belkin Tray

Systems by consumers through its web site and through other Internet-based sources,

such as YouTube. On information and belief, Belkin provides training and instruction

to retail customers on how to use the Accused Belkin Application Systems.

122.    Belkin knew and knows that its actions have induced and continue to

induce infringement of the '445 patent under 35 U.S.C. § 271(b) by, among other

things, actively and knowingly aiding and abetting others who make, use, test, sell,

license, offer to sell within the United States and import into the United States the

Accused Belkin Tray Systems (including retailers, consumers, and end users) and

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

Accused Belkin Application Systems (including retailers) and directly infringe the '445 patent. Belkin does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting the Accused Belkin Tray Systems; creating and distributing marketing, promotional, educational, and other product literature the Accused Belkin Tray Systems; offering support for the Accused Belkin Tray Systems and Accused Belkin Application Systems; and, on information and belief, training and instructing customers on how to use the Accused Belkin Application Systems. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the Accused Belkin Tray Systems and Accused Belkin Application Systems in a manner that infringes the '445 patent. *See also* Exhibits 10-13 (letters from Superior notifying Belkin of infringement).

123.   Belkin had actual notice of the '445 patent prior to the filing of the Complaint in this case. For example, as stated above, Superior wrote several letters to Belkin over several years concerning Belkin's infringement of the '445 patent: Superior Letter to Belkin dated June 28, 2021 (Exhibit 12) (stating that Belkin infringes the '445 patent; also stating that Belkin did not respond to prior letters); and Superior Letter to Belkin dated September 27, 2022 (Exhibit 13) (same). Belkin never substantively responded to any of Superior's letters regarding the Asserted Patents. Instead, Belkin hired counsel who merely wrote back on October 5, 2022 (Exhibit 14): "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me." Belkin's counsel never followed up to report to Superior on the result of Belkin's "looking into this matter."

124.   Belkin has contributed to, and continues to contribute to, infringement of the '445 patent by offering to sell or selling within the United States or importing into the United States the Accused Products (where each of the Accused Products is

or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

125.    For example, the Accused Belkin Tray Systems and Accused Belkin Application Systems can only be used for applying screen protectors onto devices in a manner that infringes the '445 patent. They have no other known use, and thus are not suitable for any non-infringing use, much less substantial non-infringing use. Moreover, Belkin's manufacture, offers for sale, sales, and importation of the Accused Belkin Tray Systems include an alignment tray system and the screen protector and materially contribute to infringement of the '445 patent. The Accused Belkin Application Systems include an alignment machine and specially adapted screen protector assemblies and materially contribute to infringement of the '445 patent.  As stated above, Belkin has known for years about the '445 patent and about its infringing activity.

126.    Belkin's inducement of, and contribution to, the direct infringement of the '445 patent has been, and is, continuous and ongoing through the acts described above in connection with Belkin's provision of the Accused Belkin Tray Systems and the Accused Belkin Application Systems.

127.    As stated above in Paragraphs 34-62, Belkin's infringement of the '445 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Superior's rights under the patent.

128.    Superior is entitled to damages in accordance with 35 U.S.C. § 284 and injunction for irreparable harm suffered as a result of Belkin's infringement.

**COUNT VII**

**(Belkin's Infringement of the '067 Patent)**

129. Belkin infringes at least example claim 1 of the '067 patent, directly and/or indirectly via induced infringement and/or contributory infringement. In particular, the Accused Belkin Tray Systems and the Accused Belkin Application Systems infringe the '067 patent. Belkin infringes this example claim by making, using, offering to sell, selling, and/or importing in and into the United States the Accused Products in violation of 35 U.S.C. §§ 271(a)-(c). The Accused Products satisfy all claim limitations of at least the example claim of the '067 patent. On information and belief, Belkin designs and tests the Accused Belkin Application Systems in the United States. *See* https://www.belkin.com/clp-about-us.html; https://eftm.com/2023/01/inside-belkins-new-global-headquarters-in-la-an-innovation-space-from-office-to-labs-231041. A claim chart applying example claim 1 of the '067 patent to a representative of the Accused Belkin Tray Systems and a representative of the Accused Belkin Apple Store Systems is attached as Exhibit 27.

130. Despite knowing of the '067 patent, Belkin directly infringes the patent by making, using, offering to sell, or selling the Accused Products in the United States and by importing the Accused Products into the United States in violation of 35 U.S.C. § 271(a).

131. Despite knowing of the '067 patent, Belkin actively, knowingly, and intentionally induced the infringement of the '067 patent by actively encouraging others to make, use, offer to sell, or sell the Accused Products in the United States and/or import the Accused Products into the United States in violation of 35 U.S.C. § 271(b). For example, Belkin actively promotes and educates consumers on how to use the Accused Belkin Tray Systems in the United States in an infringing manner, which actuates direct infringement of the '067 patent. *See* Exhibit 15; Exhibit 16; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 20. Belkin also actively promotes the Accused Belkin Application Systems, including the ScreenCare+ Application System, for use

by retailers in the United States. *See* https://www.belkin.com/support-product/?sku=P00610; https://www.youtube.com/watch?v=uBG541tsVjg

132.    Belkin posts training videos on its web site and on YouTube that instruct consumers on how to use the Accused Belkin Tray Systems in a manner that infringes the '067 patent. Belkin promotes purchase and use of the Accused Belkin Tray Systems by consumers through its web site and through other Internet-based sources, such as YouTube. On information and belief, Belkin provides training and instruction to retail customers on how to use the Accused Belkin Application Systems.

133.    Belkin knew and knows that its actions have induced and continue to induce infringement of the '067 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and import into the United States the Accused Belkin Tray Systems (including retailers, consumers, and end users) and Accused Belkin Application Systems (including retailers) and directly infringe the '067 patent. Belkin does so with the specific intent to encourage their infringement, through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting the Accused Belkin Tray Systems; creating and distributing marketing, promotional, educational, and other product literature the Accused Belkin Tray Systems; offering support for the Accused Belkin Tray Systems and Accused Belkin Application Systems; and, on information and belief, training and instructing customers on how to use the Accused Belkin Application Systems. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the Accused Belkin Tray Systems and Accused Belkin Application Systems in a manner that infringes the '067 patent. *See also* Exhibits 10-13 (letters from Superior notifying Belkin of infringement).

134.    Belkin had actual notice of the '067 patent prior to the filing of the Complaint in this case. For example, as stated above, Superior wrote several letters to

Belkin over several years concerning Belkin's infringement of the '067 patent: Superior Letter to Belkin dated September 27, 2022 (Exhibit 13) (stating that Belkin infringes the '067 patent; also stating that Belkin did not respond to prior letters). Belkin never substantively responded to any of Superior's letters regarding the Asserted Patents. Instead, Belkin hired counsel who merely wrote back on October 5, 2022 (Exhibit 14): "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me." Belkin's counsel never followed up to report to Superior on the result of Belkin's "looking into this matter."

135.   Belkin has contributed to, and continues to contribute to, infringement of the '067 patent by offering to sell or selling within the United States or importing into the United States the Accused Products (where each of the Accused Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

136.   For example, the Accused Belkin Tray Systems and Accused Belkin Application Systems can only be used for applying screen protectors onto devices in a manner that infringes the '067 patent. They have no other known use, and thus are not suitable for any non-infringing use, much less substantial non-infringing use. Moreover, Belkin's manufacture, offers for sale, sales, and importation of the Accused Belkin Tray Systems include an alignment tray system and the screen protector and materially contribute to infringement of the '067 patent. The Accused Belkin Application Systems include an alignment machine and specially adapted screen protector assemblies and materially contribute to infringement of the '067

patent. As stated above, Belkin has known for years about the '067 patent and about its infringing activity.

137. Belkin's inducement of, and contribution to, the direct infringement of the '067 patent has been, and is, continuous and ongoing through the acts described above in connection with Belkin's provision of the Accused Belkin Tray Systems and the Accused Belkin Application Systems.

138. As stated above in Paragraphs 34-62, Belkin's infringement of the '067 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Superior's rights under the patent.

139. Superior is entitled to damages in accordance with 35 U.S.C. § 284 and injunction for irreparable harm suffered as a result of Belkin's infringement.

## COUNT VIII
### (Belkin's Infringement of the '143 Patent)

140. Belkin infringes at least example claims 1 and 11 of the '143 patent, directly and/or indirectly via induced infringement and/or contributory infringement. In particular, the Accused Belkin Tray Systems and the Accused Belkin Application Systems infringe the '143 patent. Belkin infringes these example claims by making, using, offering to sell, selling, and/or importing in and into the United States the Accused Products in violation of 35 U.S.C. §§ 271(a)-(c). The Accused Products satisfy all claim limitations of at least the example claims of the '143 patent. On information and belief, Belkin designs and tests the Accused Belkin Application Systems in the United States. *See* https://www.belkin.com/clp-about-us.html; https://eftm.com/2023/01/inside-belkins-new-global-headquarters-in-la-an-innovation-space-from-office-to-labs-231041. A claim chart applying example claims 1 and 11 of the '143 patent to a representative of the Accused Belkin Tray Systems and a representative of the Accused Belkin Apple Store Systems is attached as Exhibit 28.

141.   Despite knowing of the '143 patent, Belkin directly infringes the patent by making, using, offering to sell, or selling the Accused Products in the United States and by importing the Accused Products into the United States in violation of 35 U.S.C. § 271(a).

142.   Despite knowing of the '143 patent, Belkin actively, knowingly, and intentionally induced the infringement of the '143 patent by actively encouraging others to make, use, offer to sell, or sell the Accused Products in the United States and/or import the Accused Products into the United States in violation of 35 U.S.C. § 271(b). For example, Belkin actively promotes and educates consumers on how to use the Accused Belkin Tray Systems in the United States in an infringing manner, which actuates direct infringement of the '143 patent. *See* Exhibit 15; Exhibit 16; Exhibit 17; Exhibit 18; Exhibit 19; Exhibit 20. Belkin also actively promotes the Accused Belkin Application Systems, including the ScreenCare+ Application System, for use by retailers in the United States. *See* https://www.belkin.com/support-product/?sku=P00610; https://www.youtube.com/watch?v=uBG541tsVjg

143.   Belkin posts training videos on its web site and on YouTube that instruct consumers on how to use the Accused Belkin Tray Systems in a manner that infringes the '143 patent. Belkin promotes purchase and use of the Accused Belkin Tray Systems by consumers through its web site and through other Internet-based sources, such as YouTube. On information and belief, Belkin provides training and instruction to retail customers on how to use the Accused Belkin Application Systems.

144.   Belkin knew and knows that its actions have induced and continue to induce infringement of the '143 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others who make, use, test, sell, license, offer to sell within the United States and import into the United States the Accused Belkin Tray Systems (including retailers, consumers, and end users) and Accused Belkin Application Systems (including retailers) and directly infringe the '143 patent. Belkin does so with the specific intent to encourage their infringement,

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

through activities such as intentionally designing, making, selling, offering to sell, importing, marketing, advertising and promoting the Accused Belkin Tray Systems; creating and distributing marketing, promotional, educational, and other product literature the Accused Belkin Tray Systems; offering support for the Accused Belkin Tray Systems and Accused Belkin Application Systems; and, on information and belief, training and instructing customers on how to use the Accused Belkin Application Systems. These activities are designed to invite, instruct, encourage, enable, and facilitate the making, use, offer for sale, and sales of the Accused Belkin Tray Systems and Accused Belkin Application Systems in a manner that infringes the '143 patent. *See also* Exhibits 10-13 (letters from Superior notifying Belkin of infringement).

145.    Belkin had actual notice of the '143 patent prior to the filing of the Complaint in this case. For example, as stated above, Superior wrote several letters to Belkin over several years concerning Belkin's infringement of the '143 patent: Superior Letter to Belkin dated September 27, 2022 (Exhibit 13) (stating that Belkin infringes the '143 patent; also stating that Belkin did not respond to prior letters). Belkin never substantively responded to any of Superior's letters regarding the Asserted Patents. Instead, Belkin hired counsel who merely wrote back on October 5, 2022 (Exhibit 14): "I represent Belkin, and we have received your letter (attached). We are looking into this matter. Please direct all future correspondence regarding this matter to me." Belkin's counsel never followed up to report to Superior on the result of Belkin's "looking into this matter."

146.    Belkin has contributed to, and continues to contribute to, infringement of the '143 patent by offering to sell or selling within the United States or importing into the United States the Accused Products (where each of the Accused Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing the same to be especially made

or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. § 271(c).

147.    For example, the Accused Belkin Tray Systems and Accused Belkin Application Systems can only be used for applying screen protectors onto devices in a manner that infringes the '143 patent. They have no other known use, and thus are not suitable for any non-infringing use, much less substantial non-infringing use. Moreover, Belkin's manufacture, offers for sale, sales, and importation of the Accused Belkin Tray Systems include an alignment tray system and the screen protector and materially contribute to infringement of the '143 patent. The Accused Belkin Application Systems include an alignment machine and specially adapted screen protector assemblies and materially contribute to infringement of the '143 patent.  As stated above, Belkin has known for years about the '143 patent and about its infringing activity.

148.    Belkin's inducement of, and contribution to, the direct infringement of the '143 patent has been, and is, continuous and ongoing through the acts described above in connection with Belkin's provision of the Accused Belkin Tray Systems and the Accused Belkin Application Systems.

149.    As stated above in Paragraphs 43-62, Belkin's infringement of the '143 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard for Superior's rights under the patent.

150.    Superior is entitled to damages in accordance with 35 U.S.C. § 284 and injunction for irreparable harm suffered as a result of Belkin's infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Superior respectfully requests that this Court enter judgment against Belkin:

a) Finding that Belkin directly infringes the Asserted Patents;

b) Finding that Belkin has induced infringement of the Asserted Patents;

54

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

c) Finding that Belkin has contributed to infringement of the Asserted Patents;

d) Finding that Belkin has willfully infringed the Asserted Patents;

e) Awarding damages adequate to compensate Superior for Belkin's patent infringement that has occurred, in accordance with 35 U.S.C. § 284, including for reasonable royalty and/or lost profits damages, an assessment of pre-judgment and post-judgment interest and costs, and an accounting as appropriate for infringing activity not captured within any applicable jury verdict and/or up to the judgment and an award by the Court of additional damages for any such acts of infringement;

f) Awarding Superior an ongoing royalty for Belkin's post-verdict infringement, payable on each product offered by Belkin that is found to infringe one or more of the Asserted Patents, and on all future products that are not colorably different from those found to infringe, or in the alternative, permanently enjoining Belkin from further infringement;

g) Providing an award to Superior of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

h) Finding that this is an exceptional case and an award to Superior of its costs, expenses, and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

i) Providing such other relief to Superior, including other monetary and equitable relief, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Superior demands a trial by jury on all issues on which trial by jury is available under applicable law.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. 2:25-cv-09759

1  Dated: October 10, 2025                    FISH & RICHARDSON P.C.

2                                             */s/ Christopher S. Marchese*
3                                             Christopher S. Marchese (SBN 170239)
                                              marchese@fr.com
4                                             FISH & RICHARDSON P.C.
                                              4695 MacArthur Court, Suite 1100
5                                             Newport Beach, CA 92660
                                              Tel: (213) 533-4240
6                                             Fax: (858) 678-5099

7                                             Joseph V. Colaianni, Jr. *(pro hac vice*
8                                             forthcoming*)*
                                              colaianni@fr.com
9                                             FISH & RICHARDSON P.C.
                                              1000 Maine Avenue SW, Suite 1000
10                                            Washington, D.C. 20024
                                              Tel: (202) 783-5070
11                                            Fax: (202) 783-2331

12
                                              Tim Rawson (SBN 304755)
13                                            rawson@fr.com
                                              FISH & RICHARDSON P.C.
14                                            12860 El Camino Real, Suite 400
                                              Tel: (858) 678-5070
15                                            Fax:(858) 678-5099

16
                                              Attorneys for Plaintiff
17                                            SUPERIOR COMMUNICATIONS, INC.

18

19

20

21

22

23

24

25

26

27

28